RE-OPEN

Not Suitable for Imaging

IN THE CIRCUIT COURT OF THE EIGHTEENTH
JUDICIAL CIRCUIT, IN AND FOR BREVARD
COUNTY, FLORIDA

MARY M. LOMBARDO, individually,
 and as a City of Cocoa Beach resident and
taxpayer and as a aggrieved party.

Plaintiff,

CASE NO:05-2011-CA-014614-XXXX-XX

v.

CITY OF COCOA BEACH, a subdivision
of the State of Florida, AMERICAN TRAFFIC
SOLUTIONS, LLC, and ATS AMERICAN
TRAFFIC SOLUTIONS, INC.,

Defendants.

_____/

FILED IN MLB
CLERK OF CIR. CT.
BREVARD CO. FL.
2011 OCT 12  P 4: 54

MITCH NEEDELMAN

## CLASS ACTION - FIRST AMENDED COMPLAINT FOR
## CIVIL DAMAGES AND DECLARATORY RELIEF

COMES NOW, the Plaintiff, MARY M. LOMBARDO, on behalf of herself and all other persons similarly situated, by and through her undersigned attorneys, and brings this First Amended Complaint to obtain declaratory relief, civil damages, costs of suit, applicable attorney's fees and pursuant to Florida Rule of Civil Procedure 1.220. Plaintiff complains and alleges, upon information and belief, as follows:

## NATURE OF ACTION

1.     This is a class action brought by vehicle owners within and outside the State of Florida who have received citations, and paid resulting fines, for ordinance violations pursuant to City of Cocoa Beach Code of Ordinances, Chapter 26, Article III, Section 26~32 through 26-46 (Ord No. 1518 Section 2, 9-2-10), entitled "Intersection Safety" (hereinafter "The Ordinance").

Case # 05-2011-CA-014614-XXXX-XX
Document Page # 14

018337142

VRA9 AXL

2.      Pursuant to the above Ordinance, and upon issuance of these traffic citations, The City of Cocoa Beach (hereinafter "The City") informed the Plaintiff, **MARY M. LOMBARDO**, and all other persons similarly situated that they were presumed guilty of the above ordinance by reason of their ownership of the vehicle that allegedly violated a red light signal and that it was their burden to prove that they were not driving the vehicle at the time of the offense. Ultimately, each of the Plaintiffs was cited for an infraction, convicted by guilty plea or other case disposition and paid fines, surcharges, costs and/or fees.

3.      The above course of conduct that the Defendant's engaged in is in violation of the Constitution of the State of Florida and general law.

4.      On or about September 22, 2010, at 11:09 a.m., Plaintiff's vehicle (FL License Plate # 118- KHD) was cited by Defendant's camera for running a red light at or near NB N Atlantic Avenue at SR 520, within the City of Cocoa Beach, in violation of Chapter 26, Article III, Section 26~32 through 26-46 (Ord No. 1518 Section 2, 9-2-10), of the City of Cocoa Beach Code of Ordinances. The Notice of Violation fails to specify the identity of the vehicle operator.

## JURISDICTION AND VENUE

5.      Jurisdiction in this Court is proper pursuant to Florida Statutes §26.012 and §~S86.01 1, 86,021, 86.051, 86.101. This Court has jurisdiction over Defendants, AMERICAN TRAFFIC SOLUTIONS, LLC, and ATS AMERICAN TRAFFIC SOLUTIONS, INC. (hereinafter "Companies") because the Companies have sufficient minimum contacts with the State of Florida, Brevard County, and the City of Cocoa Beach, and they intentionally availed themselves of the consumers or markets within the State of Florida, and more specifically, Brevard County. The acts complained of herein occurred in Brevard County, Florida. Plaintiff seeks declaratory, injunctive relief and civil damages.

6.      Venue is proper in this Court pursuant to Florida Statutes §~47.022, 47.021, and 47.041.  Venue is proper in this Court because all transactions complained of herein occurred within the State of Florida. The Companies have received substantial compensation

-2-

VRA9 AXL

from the receipt of fines pursuant to the ordinance which was in effect for Brevard County, Florida. Defendants do business here and have committed unfair and improper business practices, which conduct and practices have had a profound effect on the Plaintiffs and the public's trust in government.

7.      That at all times material hereto, the Defendant, AMERICAN TRAFFIC SOLUTIONS, LLC, was and is an Arizona Corporation, authorized to do business and doing business in Brevard County, Florida, with its principle office located in Scottsdale, Arizona. As a result of its business activities in the State of Florida, and its many sundry activities related to the consumer industry, Defendant, AMERICAN TRAFFIC SOLUTIONS, LLC is subject to the jurisdiction of the Courts of Florida pursuant to the provisions of Florida Statute 48.081, 48.181, and 48.193.

8.      That at all times material hereto, the Defendant, ATS AMERICAN TRAFFIC SOLUTIONS, INC., was and is an Arizona Corporation, authorized to do business and doing business in Brevard County, Florida, with its principle office located in Scottsdale, Arizona. As a result of its business activities in the State of Florida and its many sundry activities related to the consumer industry, Defendant, ATS AMERICAN TRAFFIC SOLUTIONS, INC. is subject to the jurisdiction of the Courts of Florida pursuant to the provisions of Florida Statute 48.08 1, 48.181, and48.193.

9.      That at all times material, Defendant Companies. continuously and systematically engaged in the business of designing, manufacturing, testing, assembling, planning, engineering, constructing, building, inspecting, marketing, advertising, distributing and/or selling traffic control signal monitoring devices, including the subject traffic control signal monitoring device, to be used to monitor and cite the general public, including the Plaintiff, **MARY M. LOMBARDO**, a foreseeable vehicle owner subject to said traffic control signal monitoring devices. The above Companies actions were done for profit and said companies received a portion of the assessed fine against Plaintiff and all other persons similarly situated. At all times material, the Defendants operated jointly to deprive the Plaintiff and class of their legal and constitutional rights in clear contravention of Florida law.

-3-

10.    The Plaintiff, **MARY M. LOMBARDO**, has provided proper notice to the City of Cocoa Beach, pursuant to Section 768.28, Florida Statutes.

11.    All conditions precedent to the maintenance of this action have been satisfied by the Plaintiff or waived by the Defendant.

### BACKGROUND

12.    On September 10, 2010, the City of Cocoa Beach enacted "The Ordinance" entitled "Intersection Safety" and codified in the City of Cocoa beach Code of Ordinances Chapter 26, Article III, Section 26~32 through 26-46 (Ord No. 1518 Section 2, 9-2-10). True and correct copies of these sections are attached hereto and incorporated herein as Composite Exhibit "A".

13.    Under the Ordinance, automated cameras monitor intersections throughout the City of Cocoa Beach, and municipal traffic citations are issued when vehicles are photographed allegedly violating the city red light camera ordinance.

14.    Defendant, City of Cocoa Beach, has enacted and enforced the Ordinance pursuant to which vehicle owners whose vehicles are photographed on red light cameras allegedly committing a red light infraction violation are issued Notice of Violations for at least $158.00.

15.    These citations are issued pursuant to the city Ordinance. The citations are entirely different from the Uniform Traffic Citations issued by police officers for traffic infractions throughout the state, even though the exact same conduct is regulated, except without the use of cameras.

16.    Citations under the Program are issued to the registered owner of the vehicle, rather than the driver, and mailed to the owner's address. The owner remains liable even if the owner was not driving, unless the owner can prove, by sworn affidavit that the driver was in possession of the vehicle without the owner's consent; simultaneously received a citation from a law enforcement officer; was forced to comply with other governing laws; was forced

-4-

VRA9 AXL

to protect another person or property; the signal was malfunctioning or other good cause.

17.    Such citations carry fines as follows: $158.00 for the first and second Ordinance violation; and $267.00 for a third or subsequent Ordinance violation.

## FACTS

18.    Plaintiffs, by and through their attorneys of record, file this Complaint on behalf of themselves and all persons similarly situated within the State of Florida. Plaintiffs make their allegations upon personal knowledge as to themselves and their own acts, and upon information and belief based on investigation of counsel as to all other matters, as set forth below.

19.    AMERICAN TRAFFIC SOLUTIONS, LLC and ATS AMERICAN TRAFFIC SOLUTIONS, INC. issued hundreds of red light tickets per month, they superimposed the electronic signature of a City law enforcement officer or designee (robo signed), they printed notices of infraction at their out-of-state offices, they mailed the tickets to the alleged violators, and they collected the payments at an address located outside Florida.

20.    This matter involves the unfair and illegal practices of the Defendants, CITY OF COCOA BEACH, AMERICAN TRAFFIC SOLUTIONS, LLC and ATS AMERICAN TRAFFIC SOLUTIONS, INC., whose acts constitute unlawful business and reprehensible public policy practices. These practices have resulted in the Defendants' unjust enrichment, which is due to conversion of property belonging to Plaintiffs, and the deprivation of the Plaintiff's constitutional and statutory rights.

## CLASS REPRESENTATION ALLEGATIONS

21.    Pursuant to Florida Rule of Civil Procedure, 1.220, Plaintiffs bring this action both individually and on behalf of all who have been cited and paid fines to the Defendants prior to July 1, 2010 for violations of the ordinance, which was unconstitutional and

VRA9 AXL

unlawful. Alternatively, Plaintiffs bring this action on behalf of themselves and such subclasses that this Court deems appropriate (collectively "subclasses").

22.     The class consists of: All persons who were cited under the unlawful and unconstitutional ordinance, and subsequently paid the assessed fine.

23.     Plaintiffs' beliefs are based on the fact that:

a.     Defendants issued numerous ordinance violations;

b.     That the Ordinance, and subsequent citations, violated the Florida Constitution by being in conflict with the Florida Constitution and Florida general law.

c.     That Defendants regularly violated the Florida Constitution and general law.

d.     The members of the class will be easily ascertainable from the records of the Defendants, when discovery commences.

24.     The class and the subclass of persons described above are so numerous that the non joinder of all members in one action is impracticable. Upon information and belief, Plaintiff estimates that there are many thousands of class members or more.

25.     Questions of fact and law common to the entire class and subclasses predominate over individual questions because the actions of the Defendants complained of herein were generally applicable to the entire class and subclass, as identified within this Complaint.

26.     The Class Representative raises questions of law that are common to the claims of each member of the class. Specifically, the central issues raised by this action are whether the Defendants unlawfully enacted and enforced an ordinance in violation of the Florida Constitution, and general law and subsequently issued citations and collected fines, pursuant to said ordinance.

27.     All questions as to the representations and improper business and prosecution practices of the Defendants and the impacts thereof are similarly common. Common questions include, but are not limited to, Defendants' unconstitutional enactment and enforcement of the ordinance in question.

28.     The claims of Plaintiff/class representative are typical of the claims of the

putative class and subclasses in that the class representative and each putative class member were cited pursuant to an unlawful ordinance via a citation mailed by the defendant company, on behalf of the city, and who paid said fines. Plaintiffs and all class and subclass members suffered similar damages resulting from Defendants' actions.

29.   Plaintiff, Class Representative, is a Florida resident who will fairly and adequately represent and protect the interests of the entire class or subclass because of the common injuries and interests of the class and subclass members and the common conduct of Defendants applicable to all class and subclass members. The Class Representative is fully cognizant of his responsibilities as Class Representative, and Plaintiff has retained competent counsel, who are experienced in the prosecution of class action litigation and who have no interest that are contrary to, or in conflict with, those of the class or subclass they seek to represent.

30.   The Defendants have acted and refused to act on grounds generally applicable to the entire class or subclasses thereby making it appropriate for this Court to grant final declaratory relief with respect to the class and subclass as a whole.

31.   A class action is superior to all other available methods for fair and efficient adjudication of this controversy. Plaintiff knows of no difficulty to be encountered in the management of this action that precludes its maintenance as a class action.

32.   The prosecution of separate actions by individual class or subclass members will create a risk of inconsistent and varying adjudications concerning individual members of the class or subclass which would, as a practical matter, be dispositive of the interests of other members of the class or subclass who are not parties to the adjudication or substantially impair or impede the ability of other members of the class or subclass who are not parties to the adjudications to protect their interests, which adjudication could establish incompatible standards of conduct of Defendants under the laws alleged herein.

33.   Although the ordinance provides a procedure whereby an accused may contest the violation of the ordinance by a hearing officer/municipal court, that adjudicatory authority is not empowered to rule upon the validity or constitutionality of the ordinance, nor is it

-7-

empowered to issue declaratory relief or adjudicate class actions. Only this Court has jurisdiction over this class action involving an unconstitutional ordinance and subsequent wrongfully issued citations and collection of fines by a municipality and a municipal court and the respective award of damages and declaratory relief.

34.    Plaintiff's claims, and all other persons similarly situated, against the Defendants are typical and common of the claims asserted against the individually named Defendants.

35.    The common questions of law and fact raised by the Plaintiffs' claims against the Defendants predominate over any issues relating to individual members of the Plaintiff Class.

36.    The Defendants have acted in a manner that is common to Plaintiff and members of the Plaintiff Class making permanent declaratory and equitable relief appropriate against the Defendants.

**CHALLENGE TO ORDINANCE AND**
**FLORIDA STATE STATUTE F.S. 316.075**

**UNCONSTITUTIONAL DENIAL OF RIGHT TO CONFRONT AND CROSS**
**EXAMINE ADVERSARIAL WITNESSES**

37.    As written, the City of Cocoa Beach Code of Ordinances, Chapter 26, Article III, Section 26~32 through 26-46 (Ord No. 1518 Section 2, 9-2-10) entitled "Intersection Safety", herein after referred to as the "Ordinance", and F.S. 316.075 (Fla. 2010) are unconstitutional for a number of reasons, which include the fact that they deny the Defendant due process Constitutional rights under the 5th and 6th Amendments to the Federal Constitution as incorporated through the 14th Amendment to the Federal Constitution and it violates the Florida State Constitution, Article I, Section 9 and Section 16 (2010).

38.    These Constitutional provisions guarantee the right to reasonable cross-

-8-

examination of witnesses.  In this case, neither the Ordinance nor the State Statute require the prosecution to produce any human witnesses that could be subject to cross-examination, which could testify to personal knowledge that the offense actually occurred, other than the Defendant himself.  Instead, the Defendants rely on hearsay evidence, or unclear evidence which doesn't even show anyone driving the alleged offending vehicle, taken out of Court and used to prove the truth of the matter asserted.

39.     Further, the method sought to be employed by the Defendants to prove the alleged violation, is without foundation and clearly hearsay, all in violation of the Florida Evidence Code.

## UNCONSTITUTIONAL DENIAL OF THE
## FIFTH AMENDMENT RIGHTS OF THE ACCUSED

40.     The Ordinance and Statute are further unconstitutional in that they deny the Defendant of the right against self-incrimination, in that they compel the Defendant to give up her Constitutional right and privilege against self-incrimination in order to rebut the presumptions created by the Ordinance and State Statute.

41.     The Ordinance and Statute require that the only way to rebut the presumption of guilt is to forfeit the right to remain silent and to take affirmative action to prepare an affidavit denying involvement in order to present three very specific defenses that are allowed.

## UNCONSTITUTIONAL LIMITATION OF DEFENSES

42.     Under the State Statute and Ordinances scheme, the Defendant is limited to defenses in three ways, and only three ways, in which to attack the charge and rebut the presumption..

43.     These limitations foreclose other defenses which may include, altered evidence, improperly calibrated machines, broken machines, chain of custody, legal necessity to run

-9-

VRA9 AXL

red light, yielding to emergency vehicle, funeral processions, being directed by police, and alibi.

## UNCONSTITUTIONAL CONCLUSIVE PRESUMPTION AND UNCONSTITUTIONAL SHIFTING OF THE BURDEN OF PROOF

44.     The Ordinance and Statute unconstitutionally removes and relieves the obligation of the Defendant City to prove beyond a reasonable doubt the Defendant's guilt, and limits his defenses, unless he forfeits his constitutional right and privilege against self-incrimination.

## COUNT I - UNJUST ENRICHMENT

45.     The Plaintiff(s) reallages paragraphs 1 through 44 above as if hereinafter set forth in full.

46.     As a result of the conduct described above, the Defendants have been and will continue to be unjustly enriched at the expense of the Plaintiff and members of the class and subclasses. Specifically, the Defendants have improperly billed and/or been paid by the Plaintiffs for citations which were issued under the color of State and/or municipal law.

47.     As a result of the collection of fines from this illegal/invalid ordinance, the Plaintiff and putative class members conferred the benefit of the monetary fine to the Defendants; who acknowledged, accepted and retained the money which would be inequitable based upon the invalidity of the ordinance as discussed herein.

48.     The Defendants are jointly and severally liable for the violation and should be required to disgorge their unjust enrichment.

**WHEREFORE,** Plaintiff, **MARY M. LOMBARDO,** and all other persons similarly situated, demands judgment for damages in excess of Fifteen Thousand Dollars ($15,000.00), including, but not limited to, the return of fines paid and costs, interest, and further demands trial by jury.

-10-

VRA9 AXL

## COUNT II- TORT OF CONVERSION

49.     The Plaintiff(s) reallages paragraphs 1 through 63 above as if hereinafter set forth in full.

50.     By their actions described above, the Defendants have converted the Plaintiffs' property (money), in the unjustified, willful interference with property of the Plaintiffs which deprived the Plaintiff and putative class of their entitlement to the property.

51.     Specifically, the Defendants committed an unauthorized act, the unconstitutional and invalid enactment and enforcement of the subject ordinance, which deprived the Plaintiff and the putative class of a specifically identified property, namely the fines collected from each member of the putative class without the return of said funds.

52.     The Defendants are jointly and severally liable for the violation and should be required to disgorge the improperly converted funds.

WHEREFORE, Plaintiff, MARY M. LOMBARDO, and all other persons similarly situated, demands judgment for damages in excess of Fifteen Thousand Dollars ($15,000.00), including, but not limited to, the return of fines paid, costs, interest, and further demands trial by jury.

## COUNT III - DECLARATORY RELIEF

53.     The Plaintiff(s) reallages paragraphs 1 through 63 above as if hereinafter set forth in full.

54.     Plaintiff brings this cause of action pursuant to Florida Statutes, Section 86.011, for a judgment declaring the above cited Ordinance to be unconstitutional, preempted by Florida State Statutes and/or an improper delegation of municipal authority.

55.     A party seeking declaratory relief must show:

[T]here is a bona fide, actual, present practical need for the declaration; that the declaration should deal with a present, ascertained or ascertainable state of facts or present controversy as to a state of facts; that some immunity, power, privilege or right of the complaining party is dependent upon the facts or the law applicable to the

-11-

VRA9 AXL

facts; that there is some person or persons who have, or reasonably may have an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law; that the antagonistic and adverse interest[s] are all before the court by proper process or class representation and that the relief sought is not merely giving of legal advice by the courts or the answer to questions propounded from curiosity.

56.     Pursuant to Florida Rule of Civil Procedure 1 .220(b)(2) and Florida Statute Section 85 and 86, the Plaintiffs are entitled to declaratory relief, that the Defendants engaged iii conduct prohibited by law enacted and enforced an illegal/unconstitutional ordinance and issued infractions and collected fines contrary to constitutional and general law.

WHEREFORE, Plaintiff, MARY M. LOMBARDO, and all other persons similarly situated, requests that this Court issue an order finding the Defendant's Ordinance, City of Cocoa Beach Code of Ordinances, Chapter 26, Article III, Section 26~32 through 26-46 (Ord No. 1518 Section 2, 9-2-10), entitled "Intersection Safety" and State Statute F.S. 316.075 (2010), was invalid and unconstitutional from its conception as well as such other relief as may follow from the entry of such a declaratory judgment.

## REQUEST FOR RELIEF

The Plaintiffs request the Court award to them the following relief:

57.     Economic, compensatory, and general damages on behalf of all members of the Plaintiff class and the subclass.

58.     The equitable remedy of Restitution from all Defendants.

59.     Attorney's fees to the Plaintiffs counsel as an award of any monetary recovery obtained for the putative class pursuant to the common fund doctrine or other class action theory.

60.     That the City of Cocoa Beach Code of Ordinances, Chapter 26, Article III, Section 26~32 through 26-46 (Ord No. 1518 Section 2, 9-2-10), entitled "Intersection Safety" and State Statute F.S. 316.075 (2010), be declared unconstitutional.

VRA9 AXL

13/13

61.   Pre-judgment and post-judgment interest on the damages claims against the Defendants.

62.   That the court determine and order that this action may proceed as a class action and certify a class either as described above or as otherwise found by the to be appropriate.

63.   Such other relief as the Court may deem equitable and just.

64.   Such other relief as may follow from the entry of a declaratory judgment.

65.   An award to Plaintiff of their expenses, costs and other disbursements associated with the filing and maintenance of this action, including but not limited to any administration or notification expenses.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy has been furnished via **US MAIL** to G. **CLAY MORRIS, ESQUIRE**, Dean, Ringers, Morgan & Lawton, PA, PO Box 2928, Orlando, FL 32808-2928 and **JAMES A. FOWLER, ESQUIRE** , Fowler, O'Quinn, Feeney & Sneed, PA, 28 West Central Boulevard, Suite 400, Orlando, FL 32801 On this ___*12th*___ Day of October, 2011.

The Law Offices of Koons & Gigliotti
25 West New Haven Avenue
Suite G
Melbourne, FL 32901
Telephone: (321) 956-7900
Facsimile: (321) 956-7747

STEPHEN R. KOONS, ESQUIRE
Florida Bar No.: 163069
Attorneys for Plaintiff
Email: stephenrkoonspa@cfl.rr.com

-13-

VRA9 AXL